# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **IN RE:**<br>SHANON KAY SEAQUIST<br><br>Debtor(s). | ) | **CASE NO. 05-16997 SBB**<br><br><br><br>**CHAPTER 13** |
| NATIONSTAR MORTGAGE LLC,<br><br>Movant,<br>vs.<br><br>SHANON KAY SEAQUIST<br>and<br>SALLY ZEMAN, **Chapter 13 Trustee,**<br><br>Respondents. | ) | |

## MOTION FOR RELIEF FROM STAY

COMES NOW NATIONSTAR MORTGAGE LLC, a secured creditor in the above-captioned matter, by and through its attorney, Heather L. Deere, and respectfully represents:

1. That the Debtor is indebted to this Movant for which Movant claims a valid security interest in the following described property:

LOT 8, ARVADA ACRES, COUNTY OF JEFFERSON, STATE OF COLORADO.

Purported common address: 9214 HIGHLAND PLACE, ARVADA, CO 80002

2. That this security interest arose from a Promissory Note and Deed of Trust. A true and legible copy of the Deed of Trust is are attached hereto and incorporated herein by reference as the Deed of Trust. The Promissory Note and Deed of Trust have been assigned to Movant. Movant is the holder of both a first and a second secured lien against the subject real property. This is the second lien.

3. Notice of security interest was given by:

| | |
|---|---|
| Deed of Trust dated: | 9/14/2001 |
| Place of filing: | Jefferson County |
| Date of filing: | 9/19/2001 |
| Recording information: | Reception No. F1321322 |

4. That the total amount due to Movant herein on account of said indebtedness, as of the date of filing this Motion, is approximately $39,345.00.

5. That the Debtor(s) is/are in default in the performance of the terms and conditions of said Note and Deed of Trust and, therefore, the amount last stated in paragraph 4 above is now due and owing to this Movant and this Movant is lawfully entitled to possession of the above-described property.

6. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code; however, Movant is entitled to relief from such stay.

7. That the Debtor's Modified Chapter 13 Plan (the Plan), filed on November 2, 2005 and approved by the Court on December 12, 2005, specifically provides that an amount of $2,033.00 was to be paid to Movant to cure a pre-petition default and that regular payments were to be made to Movant outside of the Plan beginning in May 1, 2005.

8. That this Movant is entitled to relief from stay under 11 U.S.C. §362(d)(1) and (2) for the following reasons:

a. That the Debtor(s) has/have failed to make three (3) monthly post-petition payments of $437.35 for the months of September 2006 through November 2006 in the total amount of $2,037.05 (including late charges and attorney's fees), and this default continues to the present time; and

b. That the Debtor(s) has/have failed to make payments to Movant as required by the terms of the applicable Chapter 13 Plan and the Promissory Note and Deed of Trust, thus the Debtor(s) has/have failed to fulfill the payment obligations in a secured claim.

c. That the Debtor(s) does/do not have any equity in such property (that the value of the subject real property as listed in the Debtor's Schedule A is $180,000.00 which is less than the combined value of Movant's secured lien as shown above plus a senior lien (also held by Movant) in the approximate amount of $147,892.00); and

d. Said property is not necessary for an effective reorganization which constitutes sufficient grounds for annulment of the stay pursuant to 11 U.S.C. §362(d)(2).

9. That there is no equity for the estate in the subject real property in excess of the valid and perfected security interests of Movant. Therefore, the property is of inconsequential value to the estate, and preservation of the property is burdensome to the estate.

10. In the event no response is filed to this motion, the Movant requests that the court waive the ten (10) day stay period pursuant to Rule 4001(a)(3) of the Federal Rule of Bankruptcy Procedure, as no appeal time is necessary.

WHEREFORE, Movant, NATIONSTAR MORTGAGE LLC, requests the Court to enter an Order granting Movant relief with reference to the property located at 9214 HIGHLAND PLACE, ARVADA, CO 80002, by annulling and/or terminating the automatic stay pursuant to 11 U.S.C. §362(d), and for such other and further relief as this Court may deem just and proper.

Dated: November 28, 2006

Respectfully submitted,

LAW OFFICE OF MICHAEL P. MEDVED, P.C.

By /s/ Heather L. Deere________________
Heather L. Deere, #28597
355 Union Blvd., Suite 302
Lakewood, CO 80228
(303) 274-0155

ATTORNEY FOR MOVANT:
NATIONSTAR MORTGAGE LLC

06-030-04145

# AFFIDAVIT OF MILITARY SERVICE

COMES NOW, Heather L. Deere, as counsel for NATIONSTAR MORTGAGE LLC, and in accordance with the Servicemembers Civil Relief Act of 2003 ("SCRA"), 50 App. U.S.C. §501 et. seq., hereby declares, after being duly sworn, that pursuant to §521(b)(1) and (4), the Debtor(s) is/are not entitled to the protections afforded under the SCRA. In support of this Affidavit, I conducted a search of the Department of Defense Manpower Data Center for the military status of SHANON KAY SEAQUIST, the Debtor(s) in Case No. 05-16997 SBB, on November 28, 2006. The search indicated that there was no information, as to all branches of the military, that the Debtor(s) are persons currently on active duty.

November 28, 2006

By: /s/ Heather L. Deere
Heather L. Deere, #28597
355 Union Blvd., Suite 302
Lakewood, CO 80228
(303) 274-0155

State of Colorado )
) ss.
County of JEFFERSON )

The foregoing was subscribed and sworn to before me on November 28, 2006.

Witness my hand and official seal.

By: /s/ Theresa Scherenberg
Theresa Scherenberg
Notary Public, State of Colorado
My Commission Expires: 12/12/2006
(Original Signature and Seal on File)

06-030-04145

RECEPTION NO. F1321322
9/19/2001 13:23:20 PG: 001-004
PAGE FEE: 20.00 DOC.FEE: 0.00
RECORDED IN JEFFERSON COUNTY, COLORADO

RECORD AND RETURN TO:
CENTEX HOME EQUITY CORPORATION
P.O. BOX 199111, FINAL DOCS
Dallas, TX 75219
245404953

# DEED OF TRUST

THIS DEED OF TRUST is made this 14th day of SEPTEMBER , 2001 , among the Grantor,
SHANON K. SEAQUIST,

(herein "Borrower"), the Public Trustee of
JEFFERSON County (herein "Trustee"),
and the Beneficiary,
CENTEX HOME EQUITY CORPORATION , a corporation organized and existing under the laws of THE STATE OF NEVADA , whose address is 2828 NORTH HARWOOD, DALLAS, TX 75201-1516 (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of JEFFERSON , State of Colorado:

THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS FOLLOWS:
LOT 8, ARVADA ACRES, COUNTY OF JEFFERSON, STATE OF COLORADO.

which has the address of 9214 HIGHLAND PLACE [Street], ARVADA [City], Colorado 80002 [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated SEPTEMBER 14, 2001 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 36,440.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on SEPTEMBER 14, 2021 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments



INSURE WITH SECURITY TITLE
L067721A01

245404953

for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

245404953 3

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 20 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Lender shall mail a copy of such notice to Borrower as provided in paragraph 12 hereof. Trustee shall record a copy of such notice in the county in which the Property is located. Trustee shall publish a notice of sale for the time and in the manner provided by applicable law and shall mail copies of such notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's certificate describing the Property and the time when the purchaser will be entitled to Trustee's deed thereto. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in

245404953

this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees and Trustee's expenses and withdrawal fee; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall produce for Trustee duly cancelled all notes evidencing indebtedness secured by this Deed of Trust. Trustee shall release this Deed of Trust without further inquiry or liability. Borrower shall pay all costs of recordation, if any, and shall pay the statutory Trustee's fees.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Shanon K Seaquist (Seal)
SHANON K. SEAQUIST -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

*(Sign Original Only)*

STATE OF COLORADO, ARAPAHOE County ss:

The foregoing instrument was acknowledged before me this 14th day of SEPT. 2001, by Shanon K. Seaquist

Witness my hand and official seal.

My Commission Expires: JENNIFER A. PATER NOTARY PUBLIC STATE OF COLORADO My Commission Expires 4/16/2005

_______________ Notary Public

(Space Below This Line Reserved For Lender and Recorder)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **IN RE:**<br>SHANON KAY SEAQUIST<br>Debtor(s). | **CASE NO. 05-16997 SBB** |
| NATIONSTAR MORTGAGE LLC,<br>Movant,<br>vs.<br>SHANON KAY SEAQUIST<br>and<br>SALLY ZEMAN, Chapter 13 Trustee,<br>Respondents. | **CHAPTER 13** |

**NOTICE OF HEARING OR PRELIMINARY HEARING**

YOU ARE HEREBY NOTIFIED that a Motion for Relief from Stay, a copy of which is herewith served on you, has been filed with this Court. A hearing on the motion has been set for December 27, 2006, at 9:00 a.m., in Courtroom E, located at 721 Nineteenth Street, Denver, Colorado 80202-2508. The hearing will be conducted in accordance with the provisions of Local Bankruptcy Rule 401.

If you desire to oppose this Motion, you are required to file with this Court and serve upon Heather L. Deere, attorney, whose address is Law Office of Michael P. Medved, P.C., 355 Union Blvd., Suite 302, Lakewood, CO 80228, a written response to the motion on or before five court days prior to the date of the hearing.

**If you fail to file a response, an order granting the relief requested will be granted without further notice to you.**

Dated: November 28, 2006

LAW OFFICE OF MICHAEL P. MEDVED, P.C.

By: /s/ Heather L. Deere

Heather L. Deere, #28597
355 Union Blvd., Suite 302
Lakewood, CO 80228
(303) 274-0155

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **IN RE:**<br>SHANON KAY SEAQUIST<br><br>Debtor(s). | **CASE NO. 05-16997 SBB**<br><br><br><br>**CHAPTER 13** |
| NATIONSTAR MORTGAGE LLC,<br><br>Movant,<br>vs.<br><br>SHANON KAY SEAQUIST<br>and<br>SALLY ZEMAN, Chapter 13 Trustee,<br><br>Respondents. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this __28th___ day of___November____, 2006, true and correct copies of the following MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING OR PRELIMINARY HEARING were placed in the U.S. Mail, postage prepaid, addressed to:

Sharon W. Grossenbach
Anne A. DeWitt
Attorneys for Debtor(s)
1625 Broadway, Ste. 200
Denver, CO 80202-4702

Sally Zeman
Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201

SHANON KAY SEAQUIST
9214 HIGHLAND PLACE
ARVADA CO 80002-2902

/s/ Heather L. Deere

______________________________

06-030-04145